1
2
3
4
5
6
7                        UNITED STATES DISTRICT COURT

8                     NORTHERN DISTRICT OF CALIFORNIA

9

10   LANCE C. WELLS,                          Case No. 23-cv-06263-RS

                  Plaintiff,
11
          v.
12                                            ORDER GRANTING MOTION TO
                                              DISMISS
     MAPLEBEAR INC. dba INSTACART, 50
13   Beale St. #600, San Francisco, CA 94105,

14                Defendant.

15                            **I. INTRODUCTION**

16        Plaintiff Lance C. Wells brings a First Amendment claim under 42 U.S.C. § 1983 averring

17   Defendant Maplebear Inc. ("Instacart") impermissibly interfered with his freedom of speech by

18   coercing him into signing a settlement agreement with an "extremely broad" non-disparagement

19   clause. Dkt. 1, at 2. Wells contends Instacart is a state actor for purposes of his First Amendment

20   claim. Instacart moves to dismiss Wells' suit on, in part, *res judicata* grounds. For the reasons

21   explained below, Instacart's motion to dismiss is granted. Wells' motion for relief from automatic

22   referral to Alternative Dispute Resolution is denied as moot.

23                            **II. BACKGROUND[1]**

24        Wells is a former Instacart "Shopper." An Instacart "Shopper" is an independent contractor

25   who shops at participating stores and then delivers the groceries and/or other items to customers.

26

27   _____

     [1] The factual background of this case is based largely on the well-pled allegations in the
28   Complaint, which are taken as true for the purposes of this motion.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Instacart coordinates the interactions between Shoppers, stores, and customers. See Dkt. 14, at 8.

2   Wells signed Instacart's Independent Contractor Agreement, which included a provision

3   mandating arbitration should disputes between Wells and Instacart arise. In late 2022, Instacart

4   deactivated Wells' Shopper account.[2] Wells sued Instacart in Arizona state court and the parties

5   eventually settled. The settlement agreement Wells signed included a $3,000 settlement payment

6   from Instacart to Wells, along with a non-disparagement clause limiting Wells' ability to make (or

7   encourage others to make) "disparaging or derogatory statements at any time about Instacart."

8   Dkt. 1, at 2. Wells signed the settlement agreement despite expressing concerns to Instacart's

9   counsel about the scope of the non-disparagement provision.

10      Instacart did not reinstate Wells' Shopper account until six days after the parties executed

11   the settlement agreement. Claiming this delay caused him hundreds of dollars in lost earnings—

12   and again expressing reservations about the scope of the non-disparagement clause to Instacart's

13   counsel—Wells sued Instacart again, but this time in federal district court in Arizona. In this new

14   lawsuit, Wells argued the settlement agreement's non-disparagement clause violated his First

15   Amendment rights and that Instacart had engaged in discriminatory practices that produced a

16   hostile work environment. Instacart sought dismissal of Wells' claims. The magistrate judge who

17   heard the case issued a Report and Recommendation advising dismissal of the First Amendment

18   claim for failure to meet the requisite state actor requirement and the discrimination claim as

19   subject to mandatory arbitration under the Independent Contractor Agreement. The district court

20   adopted the Report and Recommendation, dismissed Wells' First Amendment claim with

21   prejudice, and dismissed Wells' discrimination claim as subject to mandatory arbitration. Wells

22   filed the instant lawsuit in the Northern District as an action pursuant to 42 U.S.C. § 1983.

23                          **III. LEGAL STANDARD**

24      A complaint must contain "a short and plain statement of the claim showing that the

25   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not

26   —————————————

27   [2] The Complaint claims this deactivation occurred without explanation.

28

1    required, a complaint must have sufficient factual allegations to state a claim that is "plausible on

2    its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.

3    544, 555, 570 (2007)). Dismissal under Rule 12(b)(6) may be based on either the "lack of a

4    cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal

5    theory." *See Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal

6    quotation marks and citation omitted). When evaluating such a motion, the court must accept all

7    material allegations in the complaint as true and construe them in the light most favorable to the

8    non-moving party. *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017). It must

9    also "draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los*

10   *Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

### IV. DISCUSSION

#### A.  Judicial Notice

12       As a preliminary matter, Instacart asks that judicial notice be taken of twelve documents

13   filed in previous litigation between the parties in the United States District Court for the District of

14   Arizona pursuant to Federal Rule of Evidence 201. *See Wells v. Maplebear*, No. 23-cv-00001-

15   TUC-RM (BGM). "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if

16   it is 'not subject to reasonable dispute.'" *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999 (9th

17   Cir. 2018) (quoting Fed. R. Civ. P. 201(b)). Courts make take judicial notice of court filings in

18   federal and state courts. *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

19   Moreover, taking judicial notice of such "matters of public record" does not "convert[] a motion to

20   dismiss into a motion for summary judgment" so long as judicial notice is not taken of "disputed

21   facts contained within such public records." *Khoja*, 899 F.3d at 999. The court filings to which

22   Instacart points are publicly available public records of which judicial notice may properly be

23   taken, and Instacart's motion for such notice is granted.

#### B.  *Res Judicata*/Claim Preclusion

26       Instacart argues Wells' claims in this action are barred by *res judicata*, a doctrine which

27   encompasses both claim preclusion and issue preclusion, because Wells is raising "the exact same

United States District Court
Northern District of California

claims in this action"—i.e., a First Amendment claim and a discrimination claim—as he did in federal court in Arizona. Dkt. 14, at 7.[3] The arguments Instacart makes in its motion to dismiss indicates it believes claim preclusion is the relevant doctrine barring Wells' action. *See* Dkt. 14, at 15 (arguing the "claims [Wells] asserts in this action all arise out of the exact same alleged events and occurrences as his earlier filed Arizona lawsuit."). While *res judicata* is ordinarily an affirmative defense to be raised in a responsive pleading, it may serve as the basis for a motion to dismiss where it does not depend on disputed issues of fact. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

The Arizona federal court action was premised on federal question jurisdiction, and so its claim-preclusive effect is determined based on federal preclusion rules. *See Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). Claim preclusion bars parties from pursuing repetitive, successive legal claims where there exists "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between the parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg. Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.3 (9th Cir. 2002)). The doctrine's underlying logic is that parties (and courts) should not have to expend scarce resources to re-litigate issues decided by another court. The three requirements of claim preclusion are satisfied here.

First, there is an identity of claims between this action and the previous federal action. An identity of claims exists where both suits "arise from the same transactional nucleus of facts." *Id.* at 1078 (citation omitted). If claims could have been brought in an earlier action, they may not be brought in the later action solely by virtue of bearing a "different legal label." *Id.* Additional

---

[3] Instacart contends Wells has refiled "the same claims" in this action as he brought before the Arizona district court. Dkt. 14, at 13. Wells maintains this case revolves solely around whether Instacart infringed on his First Amendment freedom of speech via the settlement agreement's non-disparagement clause. *See* Dkt. 19, at 4. Though the issue thus appears moot, even if Wells were bringing a discrimination claim—which he does not appear to be doing—the Arizona district court's order compelling arbitration on that claim would likely require this Court to compel arbitration on that claim as well. *See Americana Fabrics, Inc. v. L&L Textiles, Inc.*, 754 F.2d 1524, 1531 (9th Cir. 1985).

criteria deployed to determine whether claims are identical are "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; [and] (3) whether the two suits involve infringement of the same right." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1039 (9th Cir. 2017) (citation omitted).

All of the above factors weigh in favor of finding Wells' action barred by claim preclusion. Though Wells now styles his claim as an action under § 1983, the factual basis for his claim is identical to that of his preceding federal action. Indeed, the Arizona federal court construed Wells' suit as a § 1983 action. *See Wells v. Maplebear¸ Inc.*, No. CV-23-00001-TUC-RM-BGM2023 WL 6649025, at *4 (D. Ariz. May 11, 2023). Wells' new assertions that he signed the settlement agreement under economic duress and because of misrepresentation by Instacart in violation of California state law are based on the same "transactional nucleus of facts" as his previous lawsuit. *See* Dkt. 1, at 36–37. Similarly, Wells' new arguments regarding why Instacart should be considered a state actor for purposes of his § 1983 claim could have been brought in the previous action and do not change the claim preclusion analysis. Both cases revolve around the non-disparagement clause of the settlement agreement Wells signed with Instacart and Wells' associated speech rights.[4] For these reasons, there is an identity of claims between this action and the previous federal action.

Second, there was a final judgment on the merits in the previous action. The Arizona district court dismissed Wells' freedom-of-speech claim with prejudice; dismissal with prejudice constitutes a final judgment on the merits. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). Third, there is privity between the parties. This action involves the same parties— Wells and Instacart—involved in the previous federal action. Thus, all three requirements necessary to establish claim preclusion are met. Instacart's preclusion argument does not turn on

---

[4] Plaintiff admits he is filing a claim based on the same facts as the Arizona federal action because his only option is "to file under the appropriate statute." Dkt. 19, at 6.

United States District Court
Northern District of California

disputed issues of fact—rather, it depends solely on the existence of the previous Arizona federal court action.

## V. CONCLUSION

Instacart's motion to dismiss this action as barred by *res judicata* is granted. Wells' motion for relief from automatic referral to Alternative Dispute Resolution is denied as moot. Since amendment would be futile, this action is dismissed without leave to amend. A separate judgment will enter and the case will be closed.

**IT IS SO ORDERED**.

Dated: February 9, 2024

RICHARD SEEBORG
Chief United States District Judge