UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE C. WELLS,<br><br>    Plaintiff,<br><br>    v.<br><br>MAPLEBEAR INC. dba INSTACART, 50 Beale St. #600, San Francisco, CA 94105,<br><br>    Defendant. | Case No. 23-cv-06263-RS<br><br>**ORDER DENYING MOTION FOR SANCTIONS, GRANTING MOTION TO PROCEED IN FORMA PAUPERIS** |

**MOTION FOR SANCTIONS**

Plaintiff Lance C. Wells moves for sanctions against counsel for Defendant Maplebear Inc. ("Instacart") pursuant to Federal Rule of Civil Procedure 11. This action was dismissed on February 9, 2024, on *res judicata* grounds. Wells argues Instacart's counsel should be sanctioned for alleged misrepresentations relating to, among other things, the bases upon which another federal court previously dismissed Wells' claims. This motion is suitable for disposition without oral argument, and the motion hearing set for March 14, 2024, is vacated. *See* Civ. L.R. 7-1(b). The motion for sanctions is denied.

Sanctions are an "extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Counsel for Instacart accurately and explicitly noted the bases for the Arizona federal court's dismissal of Wells' claims several times in its motion to dismiss.[1] Counsel for Defendant also supplied that

---

[1] *See* Dkt. 14, at 13 ("[T]he Honorable Rosemary Marquez granted Instacart's motion to dismiss Plaintiff's First Amendment claim with prejudice and granted its motion to compel arbitration of

decision in its request for judicial notice of the Arizona court's decision. *See* Dkt. 15. It is possible counsel for Instacart could have been more precise, at times, in stating the bases for the Arizona district court's dismissal of each of Wells' claims, but this is no basis for a sanctions motion. Wells' other arguments about counsel's alleged misrepresentations are unpersuasive, and the motion for sanctions is denied.

## MOTION TO PROCEED IN FORMA PAUPERIS

Wells has moved for leave to pursue his appeal in this matter in forma pauperis. A party seeking to pursue an appeal in forma pauperis "must file a motion in the district court" and attach an affidavit that "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). Wells has met these requirements. He has submitted a Form 4 detailing his inability to pay and explained the basis for his appeal. Though an argument could be made Wells' appeal is frivolous, under the circumstances, Wells' motion to proceed in forma pauperis is granted.

**IT IS SO ORDERED**.

Dated: February 28, 2024

_____
RICHARD SEEBORG
Chief United States District Judge

---

his Civil Rights Act of 1964 claim."); *id.* at 15 n.2 ("While Judge Marquez[] dismissed Plaintiff's First Amendment claim with prejudice under FRCP 12(b)(6) rather than compelling it to arbitration, because it arose out of Plaintiff's relationship with Instacart, it was also covered by the Arbitration Provision.").